# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RICKY R. FRANKLIN,**

    **Plaintiff,**

vs.          Case No. 4:19cv534-MW/CAS

**ENHANCED RECOVERY COMPANY, LLC,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a civil rights complaint, ECF No. 1, alleging "repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.," and invading Plaintiff's privacy by "illegal efforts to collect a consumer debt." ECF No. 1 at 1. Plaintiff resides in Henry County, Georgia, and Defendant Enhanced Recovery Company, LLC [hereinafter "ERC"] "is a debt collection company located in Florida, with a principal address of 8014 Bayberry Rd, Jacksonville, Florida, 32256 . . . ." *Id.* at 2. Although the complaint indicates the registered agent for ERC is Corporation Service Company in Tallahassee, Florida, *id.* at 2,

there is no other connection between Plaintiff's factual allegations and Tallahassee. Plaintiff's complaint alleged that he received at least ten unsolicited calls from the Defendant and received voice mail messages which asked "for someone that Plaintiff does not know." *Id.* at 3. There are no allegations which reveal that Plaintiff received these calls in the Tallahassee area or that calls were made from this area. Rather, the Defendant is located in Jacksonville, Florida, which is in Duval County, Florida, and presumably, telephone calls originated from that location. Duval County is not within the territorial jurisdiction of this Court; it is within the Middle District of Florida.

    The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1),(2). This case was filed in the wrong district. Venue appears to be appropriate in the Middle District of Florida because the Defendant is located there. Thus, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the

United States District Court for the Middle District of Florida, Jacksonville Division.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. <u>Kapordelis v. Danzig</u>, 387 F. App'x 905, 906 (11th Cir. 2010); <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988). Justice is better served by transferring this case to the appropriate forum rather than dismissing it. There is no need for a hearing prior to directing transfer.

**RECOMMENDATION**

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings, including review and ruling on the pending in forma pauperis motion, ECF No. 2.

**IN CHAMBERS** at Tallahassee, Florida, on November 21, 2019.

    s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.